In this case, I concur with the conclusions reached by the majority to reverse the judgment of the trial court and to enter final judgment declaring that Bobby Jenkins illegally holds the position as East Cleveland Fire Chief. I also agree with the majority in its determination that we cannot order Jenkins removed from office because no Writ of Quo Warranto has yet been filed, and that is the proper means of seeking removal.
However, I dissent from that portion of the opinion which denies relief in mandamus against the East Cleveland Civil Service Commission because it appears that Section 123.09 of the Administrative Code requires the Commission to hold competitive examinations to establish a promotional eligibility list. While the majority argues that when Dorsey and Kirchner withdrew their applications, no one was clearly entitled to take the examination, I see the focus in this claim for relief as being on the duty of the Commission to conduct the examinations and to establish the eligibility list, not on the applicant's entitlement to take it. The facts of this case suggest to me, in accordance with Section 124.45, that the Commission should open the promotional examinations to those who held the next lowest rank, Captain, in November, 1997. Accordingly, I would reverse the judgment of the trial court and grant the writ of mandamus to compel the Commission to open the promotional examination to those who had held the rank of Captain for one year during the November, 1997 application period. Thus, on this claim for relief, I dissent from the majority.